IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISTY KROGH, | ) | Case No. 8:14-CV-00173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JOINT CONFIDENTIALITY** |
| | ) | **AGREEMENT AND** |
| MANPOWER US INC., a Delaware Corporation | ) | **STIPULATED PROTECTIVE** |
| and ZOETIS LLC, a Delaware Limited Liability | ) | **ORDER** |
| Company | ) | |
| | ) | |
| Defendants. | ) | |

The Parties, by and through their respective counsel, enter into this Joint Confidentiality Agreement and Stipulated Protective Order ("Confidentiality Agreement") and thereby agree to the following terms and conditions:

## I. Definitions

1. ***Confidential Information.*** As used in this Confidentiality Agreement, "Confidential Information" shall mean: (a) Defendants' current or former employee personnel documents; (b) Defendants' investigation documents; (c) Defendants' Customers' personal identification information; (d) Defendants' Customers' financial information; (e) Defendants' operational policies and procedures; (f) Defendants' confidential and proprietary personnel and business related information; (g) Defendants' internal notes, emails and other communications regarding former or current employees; and (h) Plaintiffs' financial and medical records. Use of Confidential Information, or any deposition testimony related to same, during this judicial proceeding shall be governed by this Confidentiality Agreement.

1

2. ***Highly Confidential/Attorneys' Eyes Only:*** To the extent it is otherwise discoverable, Confidential Information regarding trade secrets or highly sensitive confidential or proprietary commercial or financial information (including without limitation information about Defendants' legal fee rates and structure; Defendants' client names and/or contact information; Defendants' current and former employees' personal contact information; customer contracts; formulae and intellectual property; sales, profit and loss; or the Defendants' financial information) may be further designated as "Highly Confidential/Attorneys' Eyes Only."

## II. Procedure for Identification of Confidential Information

3. Other than as set forth in paragraphs four and five below, the designation of information as "Confidential Information" or "Highly Confidential/Attorneys' Eyes Only" shall be made by placing or affixing on the designated information, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only," as applicable. The designation of information as Confidential Information or "Highly Confidential/Attorneys' Eyes Only" shall be made prior to, or contemporaneously with, the production or disclosure of said information or on the record during any deposition. However, should the disclosing party discover after disclosure that the words "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" were inadvertently omitted from a document or documents, or no designation as such was made upon the record at a deposition, then upon written notice of same, the other party shall return all such documents. The disclosing party shall then mark the returned documents, or relevant portions of the deposition transcript, as "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" and produce them to the other party within seven (7) business days of the disclosing party's receipt of same.

      4. Any commercial, financial, business or regulatory records of a party shall be deemed Confidential Information whether or not marked "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" and shall be governed by this Confidentiality Agreement.

      5. Any personnel files, payroll or employment records of any employee or former employee of a party shall be deemed Confidential Information whether or not marked "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" and shall be governed by this Confidentiality Agreement.

### III. Effect of Designation as Confidential or Highly Confidential

      6. Information designated as Confidential Information under this Confidentiality Agreement shall not be used or disclosed by any party, counsel for any party, expert witness, consultant, or their employees, for any purpose whatsoever other than in connection with the prosecution and defense of this matter up through and including any appeals.

      7. Counsel for each party who obtains information designated as Confidential Information under this stipulation shall not disclose or permit disclosure of this information to any person or entity other than the following: (i) the specific attorneys of record for the parties and those attorneys' employees working under their direct supervision; (ii) office personnel employed by attorneys of record for the parties to the extent necessary to assist in trial preparation or motion practice; (iii) expert witnesses or consultants who may be used in preparation for trial or in the trial of this action; (iv) the parties, (v) employees, officers and directors of the Defendants who have direct responsibility in or for this matter, or must otherwise be provided with the Confidential Information, consistent with business necessity; (vi) the Court and Court personnel; (vii) stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case; and (viii) witnesses who agree in writing to comply with

the provisions of this Confidentiality Agreement, as long as there is a good faith basis for disclosing the Confidential Information to the witness.

8. Information designated Highly Confidential/Attorneys' Eyes Only shall not be disclosed directly or indirectly, in whole or in part, in words or substance, except during the course of this case and only to and among the following persons not withstanding any other provision of this stipulation: (i) attorneys for the parties, and those attorneys' employees working under their direct supervision; (ii) independent consulting or testifying experts not employed by a party or a competitor of a party; (iii) court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions); and (iv) any person who authored or received such information or documents in the ordinary course of business.

9. Nothing contained in this Confidentiality Agreement shall preclude any party from: (i) designating that party's own information as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information; (ii) using that party's own Confidential Information or Highly Confidential/Attorneys' Eyes Only Information in the regular course of its business; or (iii) revealing that party's own Confidential Information or Highly Confidential Information to whomever it chooses. However, this Paragraph shall not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information; (ii) use any party's Confidential Information or Highly Confidential/Attorneys' Eyes Only Information in the regular course of business; or (iii) reveal any party's Confidential Information or Highly Confidential/Attorneys' Eyes Only Information to anyone, except as set forth herein.

10. Documents or information designated as Confidential or Highly Confidential must be filed with the Court as Sealed or Restricted, depending on the reason for the filing and the corresponding requirement under local Court rules.

11. Upon final determination of this action, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained documents from a party that are designated as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information shall return, or otherwise destroy and certify such destruction in writing, any such documents and all copies thereof to the party or the party's counsel who provided the documents.

12. Any third parties, other than counsel of record and those Company employees and employees of counsel responsible for or involved in this litigation including, but not limited to, those responsible for assembly and maintenance of records, who are provided with any Confidential Information or Highly Confidential Information/Attorneys' Eyes Only Information shall be subject to the terms and conditions of this Confidentiality Agreement and shall be required to read, sign and date a copy of this Order agreeing to be bound by its terms. The party's attorney by whom the disclosure was made shall retain a copy of the signed Order in the event if is required for later proceedings or demanded by opposing counsel.

13. This Confidentiality Agreement is effective on the date agreed to by the parties which may predate the entry of this order set forth below.

14. Should any portion of this Confidentiality Agreement be deemed unenforceable, that portion of this agreement shall not invalidate the remainder of the provision of the section or the agreement.

15. This Confidentiality Agreement shall be governed by the laws of Nebraska. In the event of any action arising hereunder, venue shall be proper in the District Court of Douglas County, Nebraska.

16. The parties reserve the right to change or modify this Confidentiality Agreement in writing at any time, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by that party or its counsel.

17. The Court may modify this Protective Order at any time for good cause shown following notice to all parties and an opportunity for the parties to be heard.

IT IS HEREBY ORDERED.

DATED this 30th day of December, 2014.

          *s/ Cheryl R. Zwart*
          UNITED STATES MAGISTRATE JUDGE

Respectfully submitted and stipulated,

By /s/Susan M. Foster                          .
    Susan M. Foster NE #24192
    JACKSON LEWIS P.C.
    10050 Regency Circle, Suite 400
    Omaha, NE 68114
    402-391-1991
    402-391-7363 FAX
    Email: susan.foster@jacksonlewis.com

    And

    Emily M. Petroski
    JACKSON LEWIS P.C.
    2000 Town Center, Suite 1650
    Southfield, MI 48075
    (248) 936-1900
    (248) 936-1901 FAX
    petroske@jacksonlewis.com
    *Admitted pro hac vice*

    Attorneys for Defendant Zoetis, Inc.


By /s/Terry A. White                          .
    Terry A. White
    Carlson, Burnett Law Firm
    816 South 169th Street
    Omaha, NE  68118
    402-934-5920
    402-934-5920 FAX
    terry@carlsonburnett.com

    Plaintiff's Attorney


By /s/Brian E. Spang                          .
    Brian E. Spang
    McGuire, Woods Law Firm
    77 West Wacker, 41st Floor
    Chicago, IL  60601
    312-849-8100
    312-849-3690 FAX
    bspang@mcguirewoods.com
    *Admitted pro hac vice*

And

Robert B. Evnen
Woods Aitken Law Firm
301 South 13th Street, STE 500
Lincoln, NE 68508
402-437-8500
402-437-8558 FAX
revnen@woodsaitken.com

Attorneys for Defendant Manpower US, Inc.
And

4846-0471-0432, v. 1